IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JOHAN HERNANDEZ DIAZ,           )
                                               )
          Petitioner,              )
                                             )
      v.                      )       1:26-cv-647 (LMB/WBP)
                                             )
PAMELA BONDI, et al.,          )
                                             )
          Respondents.        )

ORDER

Petitioner Johan Hernandez Diaz ("Hernandez Diaz"), a native and citizen of El Salvador, has filed a three-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since June 3, 2025. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act (Count I); his due process rights under the Fifth Amendment (Count II); and the Administrative Procedure Act (Count III).

Hernandez Diaz is currently detained at the Farmville Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Jeffrey Crawford, the warden of the Farmville Detention Center. Hernandez Diaz has also sued Robert Guadian, the Field Office Director of ICE's Enforcement and Removal Operations Washington Field Office; Kristi Noem, the former DHS Secretary; and Pamela Bondi, the Attorney General; (collectively, "the federal respondents"). For the reasons discussed in this Order, the Court finds that Hernandez Diaz has already been given the relief he seeks. Accordingly, his Petition will be denied.

According to his Petition, Hernandez Diaz has resided in the United States since 2019, when he entered the country as a minor. [Dkt. No. 1] at ¶ 17. Petitioner has worked as a day laborer in Virginia for the past two years, and has the following criminal history:

- Harrisonburg/Rockingham General District Court, Offense Date: 05/04/2025, DWI, 2nd., Guilty;
- Harrisonburg/Rockingham General District Court, Offense Date: 05/04/2025, Drive/WSUP/REV/REST-BAC .02, Guilty;
- Harrisonburg/Rockingham General District Court, Offense Date: 01/24/2024, DWI, 1st., Guilty;
- Harrisonburg/Rockingham General District Court, Offense Date: 01/24/2024, DRIV UNDER REVO/SUSPENSION, Nolle Prosequi;
- Harrisonburg/Rockingham General District Court, Offense Date: 08/06/2021, NO DRIVERS LICENSE, Guilty.

Id. at ¶ 21 n.3.

On May 17, 2019, shortly after entering the United States, Hernandez Diaz was apprehended by immigration officials, who issued him a Notice to Appear, which charged him under 8 U.S.C. § 1182(a)(6)(A)(i) as a noncitizen present in the United States without being admitted or paroled, and which placed him into removal proceedings. Id. Although Hernandez Diaz applied for asylum, on July 11, 2024, an Immigration Judge denied asylum and ordered him removed. Id. at ¶ 18. On July 25, 2024, petitioner filed an appeal of the Immigration Judge's decision with the Board of Immigration Appeals ("BIA"). Id. at ¶ 19. That appeal is still pending. Id. On June 3, 2025, Hernandez Diaz was detained by immigration officials in Virginia and was taken into custody at the Farmville Detention Center, where he currently remains. Id. at ¶ 20.

On November 18, 2025, Hernandez Diaz filed a Bond Redetermination Request with the Immigration Court. [Dkt. No. 1] at ¶ 21. On December 2, 2025, an Immigration Judge denied the Bond Redetermination request. Id. In addition to finding that she did not have jurisdiction over the request, the Immigration Judge also entered an alternative finding, explaining that "the

Respondent is a danger to the community."[1] [Dkt. No. 1-4]. On February 25, 2026, Hernandez Diaz received a second bond hearing, in which a different Immigration Judge again denied bond, finding petitioner to be a danger to the community.[2] [Dkt. No. 6] at 1; see also [Dkt. No. 6-1].

Hernandez Diaz filed his Petition for Writ of Habeas Corpus on March 6, 2026. [Dkt. No. 1]. This Court subsequently entered an Order requiring that he not "be removed or transferred from this district for any reason without this Court's permission" and directing the federal respondents to "file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in Ceba Cinta v. Noem, et al., 1:25-cv-1818 (E.D. Va.), or an Opposition to the Petition discussing the material differences between Ceba Cinta and this Petition." [Dkt. No. 2] at 1. In response, the federal respondents filed an Opposition, arguing that the Court should "dismiss the Petition as moot" because "Petitioner has already received all the relief this Court can offer: a bond hearing pursuant to the procedures set out in 8 U.S.C. § 1226(a)." [Dkt. No. 6] at 1. Finding that oral

_____

[1] The federal respondents, in their Opposition, attached DVD exhibits of petitioner's bond hearings. At the December 2, 2025, bond hearing, Immigration Judge Karen Donoso Stevens stated: "Okay counsel. One I'm going to find that I don't quite yet have jurisdiction for Bautista. But in the alternative, I would find that he is a danger due to the two back-to-back DUIs and the driving under revoked license." This quote is an unofficial transcript prepared by the Court.

[2] At the February 25, 2026, bond hearing, Immigration Judge Richard Van Veldhuisen stated: "The Court has reviewed the evidence submitted and the arguments of counsel. The Court continues to find the respondent a danger to the community. The Court does not find letters from family that he won't be driving or that he's going to be attending an intensive residential alcohol program changes the danger analysis, especially the fact that – number one: his I-589 was denied; the Court understands that that's pending appeal, but the Court did—according to the Order—based on his driving records, his convictions, and his DUI indicates that it would have declined to exercise discretion to establish asylum. I think the fact that he received a second DUI after his asylum application is very telling as to his dangerous in the community, and therefore the Court will not set any bond in this case." This quote is an unofficial transcript prepared by the Court.

3

argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

Unlike many other habeas matters filed recently before this Court in which petitioners argue that they are entitled to a bond hearing, the petitioner here has already received a bond hearing after being detained by ICE. Specifically, on December 2, 2025, an Immigration Judge held a bond hearing and denied petitioner's request for a change in custody status for two reasons: first, that the Immigration Court lacked jurisdiction, and second—and in the alternative—that "the Respondent is a danger to the community" given petitioner's recent criminal history. [Dkt. No. 1-4]; see also [Dkt. No. 6] at Exhibits 1 and 2. Furthermore, as the federal respondents assert, Hernandez Diaz received a second bond hearing on February 25, 2026, in which a second Immigration Judge denied bond because he again found that petitioner was a danger to the community, citing his criminal history. [Dkt. No. 6-1]; see also [Dkt. No. 6] at Exhibits 1 and 2.

Although the jurisdictional finding of Hernandez Diaz's December 2, 2025 hearing conflicts with this Court's holdings in numerous cases, the alternate finding, as well as the February 25, 2026, hearing satisfies this Court that petitioner has received a bond hearing.[3] Based on the Immigration Judges' independent grounds for denying bond, Hernandez Diaz's

---

[3] On March 20, 2026, Hernandez Diaz filed a Motion for Leave to File Late Reply to Respondents' Answer ("Motion"), requesting this Court for leave to file a late response to the federal respondents' Opposition. [Dkt. No. 8]. Finding good cause, petitioner's Motion, [Dkt. No. 8], is GRANTED, and the Court will accept the attached reply. Hernandez Diaz's Reply Brief argues that his February 25, 2026, bond hearing "bypassed fundamental legal prerequisites" because the "decision did not address whether the court had jurisdiction[.]" [Dkt. No. 8-1] at 2. Petitioner also asserts that the Immigration Judge's "leap to a 'danger to the community' finding without establishing the jurisdictional and procedural basis to make such a ruling demonstrates a breakdown in the administrative process that warrants this Court's immediate review." Id. This argument is perplexing, especially as one of the bases for Hernandez Diaz's Petition is to request a substantive bond hearing under 8 U.S.C. § 1226(a). The fact that petitioner does not agree with the outcome of the bond hearing does not mean this Court cannot accept it.

Petition is moot because he has already received the only relief he can obtain from this Court: a bond hearing before an Immigration Judge, who must determine whether he poses a danger to the community, and whether he is a flight risk. See also Hossain v. Lyons, Case No. 1:25-cv-1841-LMB-LRV, Dkt. No. 21, at 5 (E.D. Va. Nov. 20, 2025); Salinas-Rodas v. Bondi, et al. Case No. 1:26-cv-75-LMB-WBP, Dkt. No. 6, at 4-5 (E.D. Va. Jan. 23, 2026), Because he has received this relief, Hernandez Diaz's only recourse is to file a timely appeal of the Immigration Judges' Orders denying bond. 8 C.F.R. § 1003.38. There is nothing further that this Court can do. See Mathews v. Diaz, 426 U.S. 67, 81 (1976). See also Santos Garcia v. Garland, 2022 WL 989019, at *7 (E.D. Va. Mar. 31, 2022).

For all the reasons stated above, it is hereby

ORDERED that the Court's March 6, 2026, Order enjoining the federal respondents from removing or transferring petitioner from this district for any reason without this Court's permission, [Dkt. No. 2], be and is VACATED; and it is further

ORDERED that Hernandez Diaz's Petition, [Dkt. No. 1], be and is DENIED.

The Clerk is directed to enter judgment in the federal respondents' favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 27 day of March, 2026.

Alexandria, Virginia

_____/s/_____
Leonie M. Brinkema
United States District Judge